UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRENCE UPSHAW,

                                 Plaintiff,

      v.                                         3:07-CV-0575

UNITED STATES,

                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

On June 1, 2007, Petitioner, Terrence Upshaw, filed a Motion to Reopen and Supplement his original motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For reasons discussed below, this Court denies this Motion.

In August 1998, Petitioner was convicted under 21 U.S.C. § 841(a) of distributing cocaine base, conspiring to distribute cocaine base, and possessing cocaine base with the intent to distribute it. (Dkt. 98-CR-28, No. 38). The indictment did not charge a specific drug quantity and the issue of quantity was not submitted to the jury. The Court found that the drug quantity involved exceeded fifty grams. Thus, on December 29, 1998, the Court sentenced Petitioner to a life term of imprisonment under § 841(b). (Dkt. 98-CR-28, No. 63).

The Court of Appeals for the Second Circuit affirmed Petitioner's conviction. (Dkt. 98-CR-28, No. 91). Subsequently, Petitioner filed for habeas relief pursuant to 28 U.S.C. § 2255. (Dkt. 98-CR-28, No. 98). Petitioner argued that, subsequent to

Apprendi v. New Jersey, 530 U.S. 466 (2000), drug quantity constitutes an element of a crime. Thus, trial courts may not make judicial findings concerning drug quantity but must send the issue to juries. Petitioner argued that his conviction violated the Constitution because drug quantity had not been charged or submitted to a jury.

This Court denied the motion in its entirety. (Dkt. 01-CV-33, No. 6). Petitioner was granted a certificate of appealability on two issues: (1) whether Apprendi constituted a new rule of substantive or procedural constitutional law, and (2) if the latter, whether Apprendi satisfied an exception under Teague v. Lane, 489 U.S. 288 (1989). If Apprendi satisfied an exception under Teague, it would apply retroactively on collateral attack, such as Petitioner's § 2255 petition. The Court of Appeals affirmed this Court and found that Apprendi does not apply retroactively in the context of a motion pursuant to § 2255. (Dkt. 01-CV-33, No. 16).

On August 18, 2004, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b) again claiming that his conviction and life sentence were unconstitutional because the indictment and jury verdict did not specify a drug quantity. (Dkt. 98-Cr-28, No. 108). This Court denied Petitioner's motion and the Court of Appeals affirmed. (Dkt. 98-CR-28, Nos. 109, 115).

In the instant motion, Petitioner argues again that this Court should grant habeas corpus relief because Petitioner's judgment and sentence are unconstitutional under Apprendi. (Dkt. 98-CR-28, No. 117). Petitioner specifically argues that this Court lacked subject-matter jurisdiction under 28 U.S.C. § 841(b) to sentence Petitioner to a life sentence. Pet's Mot. to Reopen Mot. to Vacate, Dkt. 98-CR-28. Petitioner claims that courts have jurisdiction to sentence defendants under a statute

only if defendants are properly convicted under that statute. Because Petitioner was not properly convicted under § 841(b), he argues this Court lacked jurisdiction to sentence him under this statute. Id. Accordingly, Petitioner claims that the Court must vacate and dismiss his conviction and re-sentence him. Id. at 20.

Petitioner has not stated any ground for relief different from the grounds presented in his previous petition for writ of habeas corpus under § 2255 and his Rule 60 motion. The Second Circuit has ruled in this very case that Apprendi does not apply retroactively on collateral review. (Dkt. 01-CV-33, No. 16). Further, the Second Circuit affirmed this Court's decision to deny Petitioner's Rule 60(b) motion, which sought relief on substantively indistinguishable grounds from Petitioner's present motion. (Dkt. 98-CR-28, Nos. 115). Because Apprendi does not apply, Petitioner was properly convicted and sentenced under 21 U.S.C. § 841(b). In other words, this Court had jurisdiction under § 841(b). Accordingly, Petitioner's Motion to Reopen and Supplement Original Filed Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated: August 8, 2007

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge